UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 11-cv-8831 |
| BELLATOR SPORT WORLDWIDE, INC.; and ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Westchester Fire Insurance Company ("WESTCHESTER"), by and through its attorneys, Stefan Dandelles and David Brown of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, in support of its Complaint for Declaratory Judgment against Defendants Bellator Sport Worldwide, Inc. ("BELLATOR") and ZUFFA, LLC d/b/a/ ULTIMATE FIGHTING CHAMPIONSHIP ("ZUFFA"), alleges as follows:

### INTRODUCTION

1. This is an insurance coverage dispute between WESTCHESTER and BELLATOR.

2. WESTCHESTER issued to BELLATOR a Directors & Officers and Company policy bearing number G24126833 001 for the **Policy Period** April 19, 2010 to April 19, 2011 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit 1**.

3. BELLATOR seeks coverage under the Policy for a lawsuit filed against it by ZUFFA, wherein ZUFFA alleges BELLATOR misappropriated and improperly used ZUFFA's

confidential information and trade secrets (the "Underlying Lawsuit"). A copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit 2**.

4. WESTCHESTER has denied coverage to BELLATOR under the Policy for the Underlying Lawsuit.

5. WESTCHESTER is entitled to a declaration from this Court that the Policy affords neither a defense nor indemnity to Bellator with respect to the Underlying Lawsuit.

## PARTIES

6. On information and belief, Defendant BELLATOR is a Delaware corporation with its principal place of business in Chicago, Illinois.

7. Plaintiff WESTCHESTER is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

8. On information and belief, ZUFFA is a Nevada company with its principal place of business located in Clark County, Nevada. ZUFFA has been joined herein solely based on its status as plaintiff in the Underlying Lawsuit so as to be bound by the judgment to be rendered in this case. WESTCHESTER is willing to dismiss ZUFFA from this action as long as ZUFFA stipulates and agrees to be bound by the judgment entered herein, or to allow ZUFFA to file an appearance and answer only, so that it will be bound by the judgment entered herein.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 respecting diversity jurisdiction insofar as it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is appropriate under 28 U.S.C. § 1391 because BELLATOR is located in this District, and the subject Policy under which coverage is sought was issued to BELLATOR in this District.

## UNDERLYING LAWSUIT AND BACKGROUND FACTS

11. ZUFFA and BELLATOR are competitors in the Mixed Martial Arts ("MMA") entertainment industry.

12. ZUFFA filed its Complaint in the Underlying Lawsuit in Nevada state court on July 28, 2010.

13. ZUFFA alleges in the Underlying Lawsuit that BELLATOR has conspired with others "to misappropriate Zuffa's confidential information and trade secrets in an effort to unfairly compete against Zuffa in the MMA marketplace."

14. ZUFFA seeks compensatory and exemplary damages, and an injunction against BELLATOR seeking to prohibit BELLATOR from "a. continuing to misappropriate Zuffa's Confidential Information and Trade Secrets and/or its operational documents; b. conducting any business operations utilizing, in any manner whatsoever, Zuffa's Confidential Information and Trade Secrets and/or its operational documents; c. aiding and abetting the improper disclosure by any other party of Zuffa's Confidential Information and Trade Secrets and/or its operational documents."

15. BELLATOR retained counsel to represent its interests in the Underlying Lawsuit, and removed the Underlying Lawsuit to Federal Court in the District of Nevada on August 23, 2010.

16. On September 9, 2010, BELLATOR filed a motion to dismiss the Underlying Lawsuit on jurisdictional grounds.

3
1082561.1

17. On January 24, 2011, the Court in the Underlying Lawsuit issued an Order stating that the Underlying Lawsuit "arises out of Zuffa's allegations that Bellator procured and utilized Zuffa's confidential and proprietary information," and denied BELLATOR's motion to dismiss.

18. On or about January 25, 2011, almost six months after the Underlying Lawsuit was filed and after BELLATOR's motion to dismiss was denied, BELLATOR first provided notice of the Underlying Lawsuit to WESTCHESTER.

19. WESTCHESTER reserved its rights regarding insurance coverage while it evaluated insurance coverage under the Policy for the Underlying Lawsuit.

20. On May 17, 2011, WESTCHESTER issued correspondence to BELLATOR advising BELLATOR that no coverage is afforded under the Policy for the Underlying Lawsuit, and BELLATOR has advised it disagrees with the coverage denial.

21. At all times, including before and after BELLATOR provided notice of the Underlying Lawsuit to WESTCHESTER, BELLATOR has been represented in the Underlying Lawsuit by counsel of its own choosing.

22. WESTCHESTER reserves its rights without waiver under the Policy with respect to any and all coverage defenses applicable to the Underlying Lawsuit, whether raised in this action or not.

### COUNT I – TRADE SECRET EXCLUSION PRECLUDES COVERAGE

23. WESTCHESTER incorporates and restates each and every allegation set forth in paragraphs 1.-22. of this Complaint as if alleged in this paragraph 23.

24. BELLATOR seeks coverage under Insuring Clause A3 of the Policy, which generally affords coverage to BELLATOR for **Loss** by reason of a **Claim** first made against BELLATOR during the **Policy Period**, and reported to WESTCHESTER pursuant to subsection

4

E1 of the Policy, for a **Wrongful Act** taking place prior to the end of the **Policy Period**. Such coverage is also subject to various other terms, conditions and exclusions as set forth in the Policy.

25. The Policy provides under Exclusion 2.b), as applicable to Insuring Clause A3, that WESTCHESTER "shall not be liable for **Loss** on account of any **Claim**:"

> b) alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:
>
> (i) any actual or alleged infringement, misappropriation, or violation of copyright, patent, service marks, trademarks, trade secrets, title or other proprietary or licensing rights or intellectual property of any products, technologies or services;

26. The Complaint in the Underlying Lawsuit seeks relief "alleging, based upon, arising out of, attributable to, directly or indirectly resulting from, in consequence of, or in any way involving:" the misappropriation or violation of copyright, trade secrets, intellectual property and/or other proprietary or licensing rights.

27. Therefore, Exclusion 2.b) applies to preclude coverage to BELLATOR for the Underlying Lawsuit under the Policy.

WHEREFORE, WESTCHESTER respectfully requests that this Court enter judgment in its favor and against BELLATOR and ZUFFA, declaring that Exclusion 2.b) applies to preclude coverage to BELLATOR under the Policy for the Underlying Lawsuit, and therefore WESTCHESTER has no duty to defend or indemnify BELLATOR under the Policy for the Underlying Lawsuit.

5

## COUNT II – BELLATOR FAILED TO PROVIDE TIMELY NOTICE OF THE LAWSUIT PURSUANT TO SUBSECTION E1

28. WESTCHESTER incorporates and restates each and every allegation set forth in paragraphs 1.-24. of this Complaint as if alleged in this paragraph 28.

29. The Policy provides under subsection E1 as follows:

**E. Notification**

1. The **Insureds** shall, as a condition precedent to their rights to payment under this Coverage Section only, give **Insurer** written notice of any **Claim** as soon as practicable after the **Company's** general counsel, risk manager, chief executive offer or chief financial officer (or equivalent positions) first becomes aware of such **Claim**, but in no event later than sixty (60) days after the end of the **Policy Period**, or respecting any **Claim** first made against the **Insureds** during the **Extended Period**, if purchased, sixty (60) days after the end of the **Extended Period**.

30. The Underlying Lawsuit was filed on July 28, 2010.

31. Between July 28, 2010 and January 24, 2011, BELLATOR removed the Underlying Lawsuit to federal court, filed and fully briefed a motion to dismiss and received an adverse ruling on its motion to dismiss.

32. BELLATOR first provided notice of the Underlying Lawsuit to WESTCHESTER on or about January 25, 2011.

33. BELLATOR failed to report the Underlying Lawsuit "as soon as practicable" after it first became aware of the Underlying Lawsuit.

34. Therefore, BELLATOR failed to comply with the "condition precedent" set forth in E1 of the Policy, such that no coverage is afforded to BELLATOR under the Policy for the Lawsuit.

WHEREFORE, WESTCHESTER respectfully requests that this Court enter judgment in its favor and against BELLATOR and ZUFFA, declaring that BELLATOR failed to satisfy the

notice condition to coverage under subsection E1 of the Policy with respect to the Underlying Lawsuit, and therefore WESTCHESTER has no duty to defend or indemnify BELLATOR under the Policy for the Underlying Lawsuit.

## COUNT III – COVERAGE PRECLUDED FOR ALL EXPENSES INCURRED IN VIOLATION OF SUBSECTION F3

35. WESTCHESTER incorporates and restates each and every allegation set forth in paragraphs 1.-32. of this Complaint as if alleged in this paragraph 35.

36. The Policy provides under subsection F3 as follows:

**F. SETTLEMENT AND DEFENSE**

\* \* \*

3. The **Insureds** agree not to settle or offer to settle any **Claim**, incur any **Costs, Charges and Expenses** or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without the prior written consent of the **Insurer**, such consent not to be unreasonably withheld. The **Insurer** shall not be liable for any settlement, **Costs, Charges and Expenses**, assumed obligation or admission to which it has not consented. The **Insureds** shall promptly send to the **Insurer** all settlement demands or offers received by any **Insured** from the claimant(s).

37. The Underlying Lawsuit was filed on July 28, 2010, and BELLATOR undertook its own defense of the matter thereafter.

38. BELLATOR first provided notice of the Underlying Lawsuit to WESTCHESTER on or about January 25, 2011.

39. Any **Costs, Charges and Expenses** or other fees, costs or expenses of any kind incurred by BELLATOR in violation of subsection F3 of the Policy are not subject to coverage under the Policy, including specifically all **Costs, Charges and Expenses** or other fees, costs or expenses of any kind incurred by or on behalf of BELLATOR prior to the date it provided notice of the Underlying Lawsuit to WESTCHESTER.

WHEREFORE, WESTCHESTER respectfully requests that this Court enter judgment in its favor and against BELLATOR and ZUFFA, declaring that no coverage is afforded to BELLATOR for any **Costs, Charges and Expenses** or any other fees, costs or expenses of any kind, prior to the date upon which WESTCHESTER received notice of the Lawsuit, or which were otherwise incurred in violation of subsection F3 of the Policy.

Respectfully Submitted,

**WESTCHESTER FIRE INSURANCE COMPANY**

December 13, 2011
Date

By: /s/ Stefan R. Dandelles
Stefan R. Dandelles

Stefan R. Dandelles
David T. Brown
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
55 W. Monroe Street – 38th Floor
Chicago, IL  60603
stefan.dandelles@wilsonelser.com
david.brown@wilsonelser.com
Phone: (312) 704-0550
Fax: (312) 704-1522
*Attorneys for Plaintiff*